JOSÉ MÉNDEZ REYES, demandante y apelante, *v.* NAZARIO LUGO, demandado y apelado.

Núm. 9635.—*Sometido:* Febrero 3, 1948. *Resuelto:* Febrero 27, 1948.

*M. León Parra,* abogado del apelante; *R. Hernández Matos,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

José Méndez Reyes radicó una demanda de ·daños y perjuicios contra Nazario Lugo alegando que el día 10 de marzo de 1946 el *truck* marca ''Studebaker'' con tablillas HP–1695, propiedad del demandado, mientras era conducido por el chófer Juan Meléndez Jiménez se lanzó de manera súbita sobre la parte trasera del coche del demandante, resultando dicho coche destrozado y de igual manera los arneses del caballo que tiraba de él, recibiendo además el demandante lesiones en diferentes partes de su cuerpo y que como consecuencia del accidente el demandante había sufrido daños personales y en su propiedad montantes a la suma de $507. Pidió sentencia por esa suma, más los intereses legales desde la interposición de la demanda más costas y honorarios de abogado.

Contestó el demandado alegando que la demanda no aducía hechos constitutivos de causa de acción porque el truck antes mencionado no le pertenecía, siendo su propietario otra persona a quien él lo había vendido varios meses antes de haber ocurrido el accidente.

En el acto del juicio el demandado aceptó y admitió todos los hechos alegados en la demanda con excepción del

hecho de que él fuese dueño del truck HP–1695, por lo tanto la única cuestión a resolver quedó circunscrita a la propiedad del truck que intervino en el accidente. Celebrada la vista, la corte inferior declaró sin lugar la demanda en todas sus partes porque concluyó que el día en que ocurrió el accidente el demandado no poseía a título de dueño el truck antes mencionado.

No conforme con esta sentencia el demandante, estableció este recurso señalando tres errores. Los dos primeros leen como sigue: (1) la corte a quo cometió error de derecho, al declarar que de acuerdo con el artículo 2(c) de la Ley núm. 55 de abril de 1942 ((1) pág. 527) para "Reglamentar el Uso de Vehículos de Motor", la inscripción en el Departamento del Interior de Puerto Rico de un automóvil a nombre de la persona que aparece en tal registro como su dueño, no constituye evidencia de tal propiedad, en un caso de reclamación de daños y perjuicios causados por ese automóvil, y (2) que cometió error de derecho la corte a quo al declarar que la certificación del Tesorero de Puerto Rico (evidencia del demandante) acreditativa de que para el año fiscal de 1945–46 el demandado figuraba como contribuyente por el truck HP–1695 no prueba que el demandado fuera efectivamente tal dueño de ese truck a la fecha del accidente.

██ De la prueba aportada en este caso se desprende que el demandado compró en el año 1943 a Carlos Nicole y Nicolás García cuatro camiones, entre ellos, uno marca Studebaker, licencia HP–1695; que en agosto 6 de 1945 vendió el Studebaker a Alfonso González; que dicha venta se formalizó por escrito y ante notario público; que el precio de venta fué la suma de $700, de la cual pagó González, en efectivo, la cantidad de $300, y el resto de $400 se comprometió a pagarlo en diez plazos mensuales de $40 cada uno; que González suscribió y entregó al demandado diez pagarés, los cuales fueron endosados por el demandado y entregados al Banco de Ponce para abonar su importe a una deuda de éste con el banco; que el mismo día de la venta

el demandado endosó en blanco y entregó a González la licencia del camión sin estamparse la fecha del endoso. El demandante ofreció en evidencia una certificación expedida por el Departamento del Interior al efecto de que para el año económico de 1945-46 el camión con licencia HP-1695 aparece registrado a nombre del demandado. Además ofreció el demandante otra certificación expedida por el Tesorero de Puerto Rico acreditativa de que para el año fiscal de 1945-46 el demandado figuraba como contribuyente por el truck HP-1695.

El demandado ofreció en evidencia una escritura de compraventa otorgada ante el Notario Público Carlos J. Teissonniere en 6 de agosto de 1945 por él y Alfonso González, en la cual consta la transacción que llevaron a efecto con el camión. Ofreció, además, varios pagarés cancelados por el Banco de Ponce, librados por González a favor del demandado (González hacía los pagos directamente al Banco). Ambas partes ofrecieron también prueba oral en apoyo de sus contenciones. La corte a quo resolvió que "como resultado de la prueba practicada por ambas partes, apreciándola en conjunto, tomando en cuenta el peso y valor probatorio de la evidencia documental y la credibilidad que cada uno de los testigos le ha merecido, estima satisfactoriamente probado que a la fecha del accidente, 10 de marzo de 1946, el truck Studebaker, licencia HP-1695, no era propiedad del demandado . . . "

Es cierto que de acuerdo con lo dispuesto en la Ley núm. 55 de 1942, el adquirente de un vehículo de motor, inmediatamente que lo adquiere, deberá hacerlo así constar en la División de Automóviles del Departamento del Interior de Puerto Rico, remitiendo para ello, debidamente traspasado a su nombre por el transmitente, la licencia de dicho vehículo, y la persona que transfiere el vehículo deberá notificarlo por escrito al Comisionado del Interior, expresando el número del vehículo y el nombre y dirección del nuevo dueño, y que de la inscripción de un vehículo de motor en el Departamento

del Interior surge la presunción de propiedad en la persona que aparece como dueña en los registros de dicho Departamento. Empero, el incumplimiento de este deber no conlleva la nulidad o inexistencia del contrato de venta consumado por las partes. Aun cuando por los récords del Departamento del Interior una persona aparezca en determinada fecha como dueña de un vehículo de motor, puede aportarse evidencia para controvertir la presunción que surge de ese hecho y demostrar que entonces no pertenecía a esa persona y sí a otra. *Claudio* v. *Delgado,* 44 D.P.R. 753; *Ramos* v. *Sucesión de Salvador Nadal,* 29 D.P.R. 587; y *Yordán* v. *Ríos,* pág. 259 ante. En el caso de autos, hubo prueba aportada por el demandante al efecto de que el demandado era presuntivamente dueño del truck que causó los daños, pero también se ofreció prueba por el demandado para controvertir ese hecho. La corte inferior, dirimiendo el conflicto existente, a este respecto se expresó así:

"Y a juicio de la corte, el demandado controvertió con éxito dicha presunción. El documento privado de compraventa del truck debidamente reconocido ante notario, no deja lugar a dudas de que el demandado Nazario Lugo vendió dicho vehículo a Alfonso González el día 6 de agosto de 1945, mucho antes de ocurrido el accidente. El demandado y su comprador Alfonso González declararon como testigos y dejaron satisfecha a la corte de que dicha transacción fué una real y efectiva y que el título al truck pasó al comprador en la fecha expresada. Así lo atestiguan también los pagarés por el saldo del precio de la venta suscritos por el comprador y satisfechos a través del Banco de Ponce."

La prueba fué contradictoria y la corte inferior dió crédito a aquélla ofrecida por el demandado al efecto de que éste no era dueño del truck en cuestión. Siendo ella suficiente para sostener dicha conclusión, ésta no será alterada en apelación.

▇ Se alega por el apelante que la corte erró al concluir que la certificación expedida por el Tesorero de Puerto Rico no prueba que el demandado fuera dueño del truck.

El figurar como contribuyente al erario insular no es evi-
dencia concluyente de que en todo momento posterior al re-
parto o señalamiento del impuesto una persona tenga que
ser dueña de la propiedad tributada. En relación con esta
cuestión, la corte inferior concluyó, acertadamente, que "la
certificación del Tesorero de Puerto Rico creditiva (*sic*) que
para el año fiscal 1945–46 el demandado figuraba como con-
tribuyente por el truck HP–1695 no prueba que efectivamente
el demandado fuera tal dueño del truck en la fecha del ac-
cidente. La venta del truck por el demandado a González
lo fué ya comenzado el año fiscal 1945–46 y por lo tanto, el
traspaso no pudo efectuarse en los libros de Tesorería hasta
el reparto contributivo correspondiente al año 1946–47."

La certificación mencionada quizás creó una presunción,
pero ésta quedó controvertida con éxito con la prueba adu-
cida en contrario por el demandado, a la cual la corte dió
entero crédito.

Alega el apelante en su último señalamiento que la
prueba aportada en este caso no justifica las conclusiones a
que llegó la corte inferior.

Hemos hecho un cuidadoso estudio de la evidencia apor-
tada y encontramos que es suficiente para sostener la sen-
tencia.

*La sentencia apelada será confirmada.*