JOSÉ ANTONIO DÍAZ CÁCERES ET AL., demandantes y recurridos, *v.* JOSÉ A. BERRÍOS, demandado y recurrente.

*Número:* R-66-175     *Resuelto:* 22 de mayo de 1972

*Carmelo Ávila Medina* y *Roberto Ávila Rivera,* abogados del recurrente; *Arturo Ortiz Toro* y *R. Rodríguez Bonhomme,* abogados de los recurridos.

PER CURIAM: La responsabilidad del recurrente por las graves lesiones sufridas por el recurrido Díaz Cáceres y los demás recurridos con motivo de ser impactado su automóvil estacionado en la carretera Núm. Dos, Km. 9.6, por un *jeep* conducido por Félix Guillermo Díaz al abandonar éste "el

carril izquierdo de los dos carriles por lo que se discurre en la misma dirección por razón de un truck que iba delante de él, y súbitamente pasó al carril de la derecha. . . ." e impactar el vehículo del recurrido Díaz Cáceres "cuando los frenos no le respondieron" depende de si el recurrente era o no era el dueño del *jeep* al ocurrir el accidente.

En cuanto a quién era el propietario del vehículo *jeep* al ocurrir el accidente, el juez de instancia hizo la siguiente conclusión de hecho:

"4.—Que el conductor del vehículo que ocasionó el accidente el demandado, Félix Guillermo Díaz, había alegadamente adquirido el mismo del codemandado José A. Berríos, pero no registraron el traspaso correspondiente en el Negociado de Vehículos de Motor del Departamento de Obras Públicas, y no hay récord alguno en Colecturía de Corozal de que se haya hecho el traspaso. El colector que firmó el alegado traspaso ya no es funcionario. Tampoco se ofreció comprobante alguno de colecturía a la fecha del alegado traspaso."

Además, hizo la siguiente conclusión de derecho:

"3.—El demandado José A. Berríos era el dueño del vehículo que ocasionó el accidente. 'Dueño de un Vehículo' significará cualquier persona natural o jurídica que tenga registrado a su nombre un vehículo en el Departamento. . . . El dueño de cualquier vehículo de motor será responsable de los daños y perjuicios que se causen mediante la operación de dicho vehículo, interviniendo culpa o negligencia, cuando el referido vehículo sea operado o está bajo el dominio o control de cualquier persona que, con el fin principal de operarlo, o de hacer o permitir que el mismo sea operado por tercera persona, obtenga su posesión mediante la autorización expresa o tácita del dueño. En todo caso se presumirá, salvo prueba en contrario, que la persona que opera o tiene bajo su dominio o control un vehículo de motor ha obtenido su posesión con la autorización de su dueño, con el fin principal de operarlo, o de hacer o permitir que el mismo sea operado por tercera persona."

A los fines de determinar si estas conclusiones son correctas, debemos examinar la prueba aducida sobre este particular.

Al iniciarse el juicio en este caso, informó el juez de instancia que

". . . por acuerdo y estipulación de las partes reunidas en cámara . . . Se acepta que el vehículo descrito en la Demanda, a la fecha del accidente estaba registrado en el Departamento de Obras Públicas a nombre de José A. Berríos Díaz y que cinco días antes de dicho accidente, se había de hecho otorgado un traspaso de dicho vehículo, a favor de don Félix Guillermo Díaz."

El entonces abogado del recurrente informó que esto era correcto. La representación legal de los recurridos dijo entonces que "Sin embargo, dicho traspaso [no] fue notificado al Departamento de Obras Públicas, a la Sección de Automóviles." A esto añadió el juez de instancia lo siguiente: ". . . Bueno, sin que se hubiera hecho la notificación de dicho traspaso al Departamento de Obras Públicas, quedan los demás acuerdos que habíamos mencionado las partes y el Tribunal oirá prueba sobre los mismos, de ser admisible ésta."

Parte del interrogatorio de Félix Guillermo Díaz Rivera, conductor del vehículo *jeep* fue el siguiente:

"LIC. BAUZÁ TORRES:

P—Ese vehículo 'Land Rover', tablillas 776-854 que usted conducía, lo operaba el día de los hechos, ¿de quién era propiedad?

R—Mío.

P—¿Suyo?

R—Sí, señor.

P—¿Y de quién lo había adquirido?

R—De José A. Berríos.

P—¿Cuando el accidente dice usted que era suyo?

R—Sí, señor.

P—¿Cuántos días con anterioridad, le había pasado el vehículo a usted?

R—Como una semana.

P—¿Ante quién?

R—Ante el Colector de Rentas Internas.

P—¿En qué trabajaba usted para esa fecha?

R—Industrias Italianas.

P—¿Y vivía dónde? ¿Dónde usted vivía para esa fecha?

R—En el Barrio Padilla de Corozal.

P—¿Esas Industrias dónde están ubicadas?

R—En Candelaria.

P—¿Y usted iba y venía todos los días?

R—Sí, señor.

P—¿Para eso necesita usted un vehículo?

R—Sí, señor.

P—¿Y en cuánto le compró el vehículo? ¿Cómo fue la transacción?

R—Yo le dí . . .

HON. JUEZ:

Por causa fue adquirido.

LIC. BAUZÁ TORRES:

Nada más, Señor Juez.

LIC. ABREU CASTILLO:

P—¿Usted no le notificó del traspaso del vehículo al Departamento de Obras Públicas?

R—No, señor.

LIC. ABREU CASTILLO:

P—¿Ante qué persona se hizo el juramento de esa licencia?

R—Ante el Colector de Rentas Internas, porque el Jeep debía.

P—¿De qué pueblo?

R—De Corozal.

P—¿Está absolutamente seguro de que es Corozal? Trate de hacer memoria.

R—Él en ese tiempo trabajaba en Corozal, ahora trabaja en Barranquitas.

P—¿Usted recuerda haber declarado en una ocasión anterior en relación con los hechos de este mismo caso en Bayamón?

R—Sí, señor.

P—¿Donde yo fuí Fiscal en el caso?

R—Sí, señor.

P—Tenga la bondad de informarle al Tribunal si usted . . .

LIC. BAUZÁ TORRES:

Me parece que el compañero y yo estipulamos.

HON. JUEZ:

Sí, por eso y lo que usted pregunta está estipulado.

LIC. ABREU CASTILLO:

Hay estipulación. No vamos a preguntar nada más sobre eso.

. . . . . . . .

HON. JUEZ:

Está aceptado, hay una estipulación ofrecida en evidencia.

LIC. ABREU CASTILLO:

Hay un punto, Señor Juez, que quisiéramos nosotros aclarar. De acuerdo con los récords del Departamento de Obras Públicas que parece que el traspaso no se le hizo a Díaz, el traspaso aparece a nombre de otras personas, no de Félix Guillermo Díaz, sino de José Colón.

LIC. BAUZÁ TORRES:

Esa no es la mejor prueba.

LIC. ABREU CASTILLO:

En esta licencia que está aquí, este traspaso no tuvo ninguna virtualidad jurídica.

HON. JUEZ:

¿Lo está ofreciendo?

LIC. BAUZÁ TORRES:

Si el aceptó el traspaso.

LIC. ABREU CASTILLO:

Yo acepté que el día 9 se hizo el traspaso.

HON. JUEZ:

Se admite el documento. Márquese Exhibit 1 de la parte demandada, Félix Guillermo Díaz. El Tribunal exige que se radique el documento oficial del Secretario de Obras Públicas del traspaso de ese vehículo en particular, indistintamente de la persona que sea."

En cumplimiento de la orden del tribunal, los recurridos, mediante moción notificada a la representación legal del recurrente, radicaron en el tribunal, y se unió al récord, una certificación expedida por el director del Negociado de Vehículos de Motor al efecto de que en la fecha del accidente el vehículo *jeep* figuraba registrado en ese Negociado a nombre del recurrente y que en 22 de agosto de 1965 se legalizó el

traspaso del mismo a favor del Sr. José Colón. Se certificaron, además, otros traspasos subsiguientes de dicho vehículo.

El tribunal de instancia responsabilizó al recurrente conjuntamente con Félix Guillermo Díaz por los daños sufridos por los recurridos por ser el recurrente el "dueño" del vehículo por aparecer éste registrado en el Departamento de Obras Públicas a nombre del recurrente en la fecha del accidente.

■ Si bien es cierto que debe presumirse que la persona a cuyo nombre aparece registrado un vehículo de motor en el referido Negociado es el dueño del mismo, no es menos cierto que esa presunción es rebatible. *Méndez* v. *Lugo*, 68 D.P.R. 276, 281 (1948). La estipulación de las partes al efecto de que "cinco días antes del accidente se había otorgado un traspaso de dicho vehículo a favor de don Félix Guillermo Díaz" tuvo el efecto de rebatir en su totalidad la referida presunción y de establecer que a la fecha del accidente éste era el propietario del vehículo *jeep*. El contenido de la certificación expedida por el Director del Negociado de Vehículos de Motor, no deja sin efecto dicha estipulación a la cual se hizo referencia varias veces en el curso del juicio. Es muy posible que en ausencia de tal estipulación el recurrente hubiere presentado prueba documental de la transferencia de título del vehículo a Félix Guillermo Díaz y prueba explicativa de los traspasos del mismo, certificados por el Director del Negociado. Pero en vista de la estipulación, tal prueba no era necesaria.

En vista de lo expuesto, y de que el otro demandado, Félix Guillermo Díaz, no ha recurrido, resulta innecesario considerar los demás apuntamientos relacionados con la cuantía de los daños y la negligencia comparada que el recurrente le imputa al recurrido Díaz Cáceres.

Por lo tanto, *debe revocarse la sentencia dictada por el tribunal de instancia en tanto en cuanto impone responsabilidad al recurrente, y, en su lugar, debe dictarse otra desestimando la demanda en contra de dicho recurrente.*

El Juez Presidente, Señor Negrón Fernández, al igual que el Juez Asociado, Señor Hernández Matos, no intervino.