DANIEL PÉREZ Y OTROS, demandantes y recurrentes, *v.* NORMA H. CONCEPCIÓN Y OTROS, demandados y recurridos.

*Número:* R-74-333    *Resuelto:* 19 de septiembre de 1975

*José Elías Zayas* y *Francisco Arroyo González,* abogados de los recurrentes; *Herman Cestero Rodríguez,* abogado de Robert M. Sweeting.

PER CURIAM: Luego de examinar la sentencia parcial que recayó en este caso y los demás escritos que constan en autos, dictamos una orden para mostrar causa mediante la cual le concedimos un término a la parte recurrida para que demostrase por qué no debía expedirse el auto solicitado y revocarse la sentencia sumaria parcial objeto del recurso. Compareció el recurrido Robert M. Sweeting oponiéndose a que se expidiese el recurso, pero posteriormente, en 9 de enero de 1975, lo expedimos. El mencionado recurrido sometió el recurso

84

por el memorando de autoridades que había sometido, el cual es extenso y debidamente documentado.

Este caso trata de una demanda por daños motivada por la muerte de la señora Raimunda Massas Rivera, madre de los demandantes, causada por el menor Jorge Castejón Concepción, quien en 16 de junio de 1973 arrolló a la perjudicada con un automóvil. A la fecha de los hechos el vehículo aparecía inscrito a nombre del codemandado el abogado Robert M. Sweeting.

En apoyo de su moción para que se dictase sentencia sumaria el codemandado Sweeting acompañó una declaración jurada por él y otra suscrita por Luis F. Coll, Tesorero entonces de la firma Executive Auto Sales. Se sostenía en ambas declaraciones juradas que con anterioridad al accidente, en 26 de diciembre de 1972, Sweeting había entregado el automóvil en cuestión a Executive Auto Sales a cambio de un vehículo nuevo pero que el vehículo concernido en el accidente no había sido inscrito a favor de Executive Auto Sales porque la licencia se extravió. Es cierto que el codemandado Castejón, contestando un interrogatorio, declaró que él compró el vehículo en enero de 1973 pero que no tiene documentos que acrediten el traspaso.

En oposición a que se dictase la sentencia sumaria la parte demandante presentó una certificación del Departamento de Transportación y Obras Públicas del Gobierno de Puerto Rico acreditativa de que a la fecha del accidente el vehículo aparecía inscrito a nombre del codemandado Sweeting.

La ilustrada Sala sentenciadora incidió. No hay controversia en cuanto al hecho de que el vehículo estaba inscrito a nombre de Sweeting para la fecha del accidente y sí la hay en cuanto a quién era el verdadero dueño del vehículo al ocurrir los hechos. La controversia sobre este aspecto puede precisarse así: El codemandado Sweeting declaró que él no era dueño del vehículo a la mencionada fecha pero de la

certificación oficial presentada por los demandantes surge que sí era dueño. La Ley de Vehículos y Tránsito dispone que es dueño del vehículo la persona natural o jurídica que lo tenga registrado a su nombre en el Departamento de Transportación y Obras Públicas. 9 L.P.R.A. sec. 323. Si bien, para evitar injusticias, tenemos declarado que esa presunción es controvertible, *Díaz Cáceres* v. *Berríos*, 100 D.P.R. 741 (1972), la clara controversia de hechos suscitada en este caso no es susceptible de ser válidamente resuelta mediante sentencia sumaria.

Sin que estemos en forma alguna prejuzgando en sus méritos el caso de autos, los tribunales tienen que estar conscientes de que en casos de esta naturaleza sería fácil evadir la responsabilidad civil con sólo presentar un insolvente que esté dispuesto a declarar que había adquirido el vehículo concernido en una fecha anterior a la del accidente. Repetimos que no estamos haciendo imputación alguna en el caso de autos pero no hay duda de que, como cuestión de norma, estos casos deben escudriñarse cuidadosamente. Además, en el presente caso se plantean unas dudas que merecen aclaración a satisfacción del juzgador. Aparentemente Executive Auto Sales aparece que tomó el vehículo en cuenta sin recibir su licencia. Para una firma que se dedica a esos menesteres, esto nos parece una conducta anómala. Tampoco se explica cómo Borinquen Sales aparece vendiéndole el vehículo a un menor de edad, sin los documentos correspondientes. Entendemos que las circunstancias de este caso hace necesario que el hecho de la propiedad del vehículo para la fecha del accidente se dirima en un juicio plenario.

*Se revocará la sentencia parcial recurrida y se devolverá el caso para los procedimientos correspondientes.*