DOMINGO QUILES PAGÁN y CLAUDIO MÉNDEZ SALCEDO, demandantes y recurridos, *v.* HÉCTOR COLÓN, como dueño de HÉCTOR AUTO SALES y JOHN DOE INSURANCE CO., demandados y recurrentes.

*Número:* R-80-18          *Resuelto:* 18 de marzo de 1980

*José O. Ayala Pratts* y *Noel Vera Mercado*, abogados de los recurrentes; *Víctor Antulio Vélez Cardona*, abogado de los recurridos.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

Domingo Quiles Pagán compró a Héctor Auto Sales un automóvil, quedando a deberle parte del precio. Meses más tarde Quiles "lo vendió verbalmente" a Claudio Méndez Salcedo. La transacción no se realizó ante notario u otro funcionario autorizado y, por ende, no fue inscrita en el Registro de Vehículos de Motor. Estando en posesión de este último fue embargado por el vendedor original Héctor Auto Sales para asegurar la efectividad de una acción judicial en cobro del pagaré de $250.00. Méndez Salcedo, a fin de recuperarlo, pagó dicha cantidad. Demandó por embargo ilegal y obtuvo a su favor la sentencia que se revisa ascendente a $1,500.00 en daños, $500.00 de honorarios de abogado, más intereses.

Debe revocarse. En *Muñoz Meléndez* v. *Farmer*, 104 D.P.R. 297 (1975), reafirmamos la doctrina de que los registros oficiales del Departamento de Transportación y Obras Públicas, en que en determinada fecha, aparece como dueña una persona, constituye evidencia prima facie de tal propiedad. Como dimensión adicional expresamos:

"Para resumir, resolvemos que la Ley de Tránsito, como ley especial, goza de supremacía sobre las disposiciones del Código Civil relativas a la forma y momento en que de ordinario se perfeccionan los contratos de compraventa sobre bienes muebles *por lo que tratándose de la compraventa de vehículos de motor, su perfeccionamiento no tiene eficacia jurídica, para fines de tercero, hasta la fecha en que la transacción se formaliza ante uno de los*

*funcionarios autorizados por ley.* Ello implica que cualquier prueba tendente a destruir la presunción de propiedad que emane de los registros oficiales debe estar basada en documentos autorizados ante un funcionario público conforme lo dispone la ley, y no en orden a convenios orales o escritos privados carentes del elemento de autenticidad de fecha cierta." (Pág. 306, bastardillas nuestras.)

■ Si algún valor y efecto ha de tener esta doctrina en su aplicación al caso que nos ocupa, resulta evidente que el embargo no puede caracterizarse como ilegal. Se trabó sobre un vehículo que estaba inscrito a nombre del deudor allí demandado, Quiles Pagán. La presunción dimanante del Registro de Vehículos ampara al acreedor embargante. Contra este último no se demostró tuviera conocimiento previo de que las constancias en el Registro fueran incorrectas. [1]

■ El codemandante Méndez Salcedo, como último comprador, debió autenticar y registrar oportuna y diligentemente la transacción. Al no hacerlo se expuso a lo acontecido. La demanda para remediar agravios por lo ocurrido debió dirigirla contra su vendedor, Quiles Pagán, en acción de saneamiento. No obstante, optó por unirlo como demandante y esgrimir contra Héctor Auto Sales, lo que en lugar de fortalecer, debilita la veracidad de su contención de que hubo una transacción real "verbal".

*Se dictará sentencia expidiendo el auto y revocando la del Tribunal Superior, fechada 5 de octubre de 1979.*

---

[1] ¿*Quaere* la responsabilidad del embargante, si habiéndose autenticado ante funcionario un traspaso, al irse a realizar el embargo, se le muestra dicho documento?