RAFAEL HERNÁNDEZ CAÑETE, h.n.c. H. P. PROCESSING, demandante y peticionario, *v.* PROCESADORA MONTEBELLO, INC., demandada; JULIO ORTIZ ROLÓN, interventor recurrido.

*Número:* O-83-132      *Resuelto:* 11 de mayo de 1983

*Ismael E. Marrero*, abogado del peticionario; *Rafael Pacheco Rivera*, abogado del interventor recurrido.

PER CURIAM: El peticionario, señor Hernández Cañete, presentó una demanda en cobro de dinero contra Procesadora Montebello, Inc. En el curso de esta acción obtuvo del tribunal una orden de embargo preventivo en aseguramiento de sentencia. Diligenció dicha orden en unión de un alguacil y embargó un vehículo de motor que se encontraba en posesión de la demandada. Posteriormente el recurrido, señor Ortiz Rolón, presentó demanda de intervención en la que alegó que el vehículo embargado le pertenecía y que el mismo había sido cedido en arrendamiento a la demandada.

Trabada la controversia, el Tribunal de Distrito celebró una vista en la que el señor Hernández Cañete presentó prueba testifical para demostrar que el vehículo era propiedad de Procesadora Montebello. El señor Manuel Fernández declaró que mientras él era socio y presidente de la referida corporación demandada, compró el vehículo que fue embargado. El alguacil que acompañó al peticionario a diligenciar la orden de embargo declaró que el señor Miguel Ángel Pérez, actual presidente de Procesadora Montebello, le expresó al momento de efectuar el embargo que el vehículo en cuestión pertenecía a dicha corporación. El señor Miguel Ángel Pérez también declaró en la vista y no refutó lo declarado por el alguacil.

Por su parte, el interventor recurrido negó en su declaración que hubiese vendido el vehículo embargado a Procesadora Montebello y aseveró que esta última poseía el vehículo como arrendataria. Como prueba documental, presentó la licencia del vehículo de motor expedida por el Departamento de Transportación y Obras Públicas, en la cual aparece su nombre como propietario del vehículo.

El Tribunal de Distrito dictó sentencia a favor del señor Hernández Cañete y declaró sin lugar la demanda de intervención. Concluyó el tribunal que la prueba presentada por el demandante fue suficiente para rebatir la presunción de propiedad que surge a favor del interventor del Registro de Vehículos de Motor del Departamento de Transportación y Obras Públicas.

El interventor apeló la sentencia ante el Tribunal Superior. Éste resolvió que la presunción de propiedad que surge del Registro de Vehículos de Motor sólo puede rebatirse mediante documento autenticado ante un notario o funcionario público autorizado. Fundó su decisión en nuestras opiniones en los casos de *Muñoz Meléndez* v. *Farmer*, 104 D.P.R. 297 (1975), y *Quiles Pagán* v. *Héctor Auto Sales*, 109 D.P.R. 490 (1980). El Tribunal Superior modificó la sentencia del Tribunal de Distrito en lo relativo a la demanda de intervención y devolvió el caso para que se resolviera la demanda de intervención de acuerdo con lo antes señalado.

El demandante ha acudido en alzada ante nosotros. Expedimos una orden dirigida al interventor recurrido para que mostrara causa por la cual no debía expedirse el auto solicitado y revocar la sentencia del Tribunal Superior. El recurrido ha comparecido, pero no nos persuade a variar el criterio insinuado.

El peticionario señala en su escrito dos errores. Nos limitaremos a discutir el señalamiento de error que gira en torno al alcance de la norma de *Muñoz Meléndez* y de *Quiles Pagán*. [1]

---

[1] El otro señalamiento de error, en el cual el peticionario plantea que el tribunal incidió al dejar sin efecto las determinaciones de hecho del Tribunal de

■ En reiteradas ocasiones hemos expresado que el hecho de que una persona aparezca como propietaria de un vehículo de motor en los registros oficiales del Departamento de Transportación y Obras Públicas, constituye evidencia prima facie de que tal persona es la verdadera dueña del vehículo. *Quiles Pagán* v. *Héctor Auto Sales*, ante; *Muñoz Meléndez* v. *Farmer*, ante; *Pérez* v. *Concepción*, 104 D.P.R. 83 (1975); *Díaz Cáceres* v. *Berríos*, 100 D.P.R. 741, 746 (1972); *Yordán* v. *Ríos*, 68 D.P.R. 259, 265 (1948); *Méndez* v. *Lugo*, 68 D.P.R. 276, 279 (1948).[2] En *Muñoz Meléndez* nos enfrentamos al problema de determinar qué tipo de prueba es necesaria cuando se trata de rebatir en perjuicio de tercero la presunción de propiedad que surge del Registro de Vehículos de Motor. Dijimos allí, a la pág. 306:

> [R]esolvemos que la Ley de Tránsito, como ley especial, goza de supremacía sobre las disposiciones del Código Civil relativas a la forma y momento en que de ordinario se perfeccionan los contratos de compraventa sobre bienes muebles por lo que tratándose de la compraventa de vehículos de motor, su perfeccionamiento no tiene eficacia jurídica, para fines de tercero, hasta la fecha en que la transacción se formaliza ante uno de los funcionarios autorizados por ley. Ello implica que cualquier prueba tendente a destruir la presunción de propiedad que emane de los registros oficiales debe estar basada en documentos autorizados ante un funcionario público conforme lo dispone la ley, y no en orden a convenios orales o escritos privados carentes del elemento de autenticidad de fecha cierta.

Veamos el alcance de lo expresado allí.

---

Distrito, carece de fundamento. El Tribunal Superior lo único que resolvió fue una cuestión de derecho. Ese tribunal ni tan siquiera tuvo ante su consideración la exposición narrativa de la prueba desfilada ante el Tribunal de Distrito.

[2] La Sec. 1-123 de la Ley de Vehículos y Tránsito de Puerto Rico, 9 L.P.R.A. sec. 323, dispone:

"'Dueño de un vehículo' significará cualquier persona natural o jurídica que tenga registrado a su nombre un vehículo en el Departamento."

La Sec. 13-101 de la Ley de Vehículos y Tránsito, 9 L.P.R.A. sec. 1751, dispone que el dueño de un vehículo de motor será responsable por daños y perjuicios que se causen mediante la operación del vehículo, autorizada expresa o implícitamente por él. *Muñoz Meléndez* debe interpretarse con ello en mente. Cuando dijimos que es indispensable cumplir con los requisitos que establece la Sec. 2-501 de la Ley de Vehículos y Tránsito, 9 L.P.R.A. sec. 511, para formalizar el traspaso de un vehículo de motor, tuvimos en consideración que:

> Los requisitos mencionados no son una mera formalidad. Constituyen unos trámites sabios encaminados a poder identificar y señalar, en todo momento, la persona propietaria de un vehículo de motor a los fines de cualquier contingencia judicial. Con ello se evitan múltiples controversias fácticas y jurídicas, que de ordinario no son de fácil detección y esclarecimiento entre las cuales se destaca la compraventa fraudulenta o simulada con posterioridad a la ocurrencia de un accidente con miras a evitar responsabilidad frente a terceros. Pág. 304.

Poco más de un mes antes de nuestra decisión en *Muñoz Meléndez*, expresamos en *Pérez v. Concepción*, ante, que:

> . . . los tribunales tienen que estar [*sic*] conscientes de que en casos de esta naturaleza [donde se alega la venta del vehículo para evitar la aplicación de la Sec. 13-101] sería fácil evadir la responsabilidad civil con sólo presentar un insolvente que esté dispuesto a declarar que había adquirido el vehículo concernido en una fecha anterior a la del accidente. Pág. 85.

■ La norma de *Muñoz Meléndez* no es de aplicación al caso de autos. Lo que enfrentamos aquí es una controversia común de titularidad entre las partes que supuestamente celebraron un contrato de compraventa. Se rige la situación, por tanto, por nuestro Código Civil, que no exige ningún requisito esencial de forma para la compraventa. En consecuencia, es admisible para probar la celebración del contrato cualquier prueba que las Reglas de Evidencia permitan.

■ Adoptar la posición del Tribunal Superior significaría convertir el cumplimiento de lo establecido en la Sec. 2-501 de la Ley de Vehículos y Tránsito en un requisito esencial de forma para la validez de un contrato de compraventa de un vehículo de motor entre las partes que lo celebran. Nada hay en la ley que indique que esa fue la intención del legislador. (³)

El caso de *Quiles Pagán*, ante, también es distinguible del caso de autos. Allí se estableció una excepción a la norma de responsabilidad objetiva del embargante cuando se determina que la cosa embargada no pertenece al embargado. Dijimos que si un automóvil aparece en el Registro de Vehículos de Motor a nombre del demandado, no puede luego reclamársele responsabilidad al demandante por embargo ilegal si resulta que el vehículo era propiedad de otra persona.

El peticionario corrió un riesgo al embargar un bien al cual le acompañaba una presunción de que pertenecía a una persona distinta al demandado. Sin embargo, pudo probar que ese bien pertenecía a su deudor.

En consideración a lo anterior, *se expedirá el auto de certiorari, se revocará la sentencia del Tribunal Superior y se dejará en vigor la sentencia dictada por el Tribunal de Distrito.*

El Juez Asociado Señor Negrón García concurre en el resultado sin opinión. El Juez Asociado Señor Rebollo López disiente sin opinión.

---

(³) Advertimos que adoptar esa norma podría crear múltiples controversias y prestarse para abusos en ciertas ocasiones.