Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| CELENIA E. SÁNCHEZ MATA<br><br>Parte Recurrida<br><br>v.<br><br>UNIVERSAL INSURANCE COMPANY, JOSÉ C. SANTIAGO ESTRADA, FULANO DE TAL Y OTROS<br><br>Parte Peticionaria | TA2025CE00605 | Certiorari procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm. SJ2022CV00754<br><br>Sala: 805<br><br>Sobre:<br>Daños y Perjuicios |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Ronda Del Toro y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 18 de diciembre de 2025.

Comparece ante nos, 167 Auto Gallery LLC, (Auto Gallery o parte peticionaria) y nos solicita que revisemos una *Orden* emitida y notificada el 15 de septiembre de 2025 por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante el referido dictamen, el foro primario declaró *No Ha Lugar* la solicitud de desestimación instada por Auto Gallery.

Por los fundamentos que expondremos a continuación, denegamos expedir el auto de *certiorari* solicitado.

### I.

Según surge del expediente, el caso de autos se originó el 4 de febrero de 2022, cuando la Sra. Celenia E. Sánchez Mata (señora Sánchez Mata o parte recurrida) instó una *Demanda* contra AutoCentro Más, LLC (AutoCentro), Universal Insurance Company (Universal), el Sr. José Santiago Estrada (señor Santiago Estrada) y otros codemandados de nombres desconocidos. Mediante la misma,

la señora Sánchez Mata alegó que, el 24 de agosto de 2021, mientras se encontraba transitando en su vehículo de motor, en dirección de oeste a este por la carretera PR-26, jurisdicción del municipio de San Juan, el señor Santiago Estrada, quien conducía un vehículo perteneciente a AutoCentro, realizó un cambio de carril e impactó con la parte lateral derecha de dicho vehículo la parte izquierda de su vehículo. Arguyó que, como consecuencia de dicho impacto, perdió el control de su vehículo e impactó con su parte lateral derecha la barrera de hormigón. Añadió que, al momento del accidente, el señor Santiago Estrada tenía la autorización expresa o tácita de su patrono y codemandado, AutoCentro, para utilizar el vehículo que provocó el referido accidente.

La señora Mata Sánchez sostuvo haber sufrido serias lesiones corporales consistentes en un esguince cervical y lumbar, así como trauma en el hombro derecho, lesiones que requirieron tratamiento quiropráctico. En virtud de lo anterior, solicitó al tribunal que declarara *Con Lugar* la *Demanda* e impusiera a AutoCentro el pago de las siguientes sumas: (1) $50,000.00 por concepto de daños físicos y (2) $15,000.00 por concepto de angustias mentales.

Luego, el 11 de febrero de 2022, la señora Mata Sánchez presentó una *Demanda Enmendada* mediante la cual incluyó una alegación en torno a que, el 1 de febrero de 2022, el señor Santiago Estrada se declaró culpable en el Tribunal de San Juan por infringir el Artículo 5.07 de la Ley Núm. 22-2000, según enmendada, mejor conocida como la "Ley de Vehículos y Tránsito de Puerto Rico".

Posteriormente, el 24 de febrero de 2022, radicó una *Segunda Demanda Enmendada* con el propósito de traer al pleito como parte codemanda a Auto Gallery y aclarar que el vehículo objeto del accidente pertenecía a dicha entidad corporativa. Así, sostuvo que el señor Santiago Estrada tenía la autorización expresa o tácita de

su patrono, Auto Gallery, para conducir el vehículo que provocó el accidente.

Más adelante, el 1 de marzo de 2022, la señora Mata Sánchez presentó un *Aviso de Desistimiento Sin Perjuicio Parcial* mediante el cual desistió de las causas de acción dirigidas contra AutoCentro Más, LLC y su aseguradora, Universal Insurance Company, debido a que advino en conocimiento de que el vehículo involucrado en el accidente había sido vendido por AutoCentro a Auto Gallery el 24 de julio de 2021. En consecuencia, afirmó que Auto Gallery era la entidad que ostentaba la posesión y custodia del vehículo, a través del señor Santiago Estrada, al momento del accidente que dio origen a la controversia de autos. Así las cosas, el 3 de marzo de 2022, el foro primario emitió una *Sentencia Parcial* declarando *Ha Lugar* la solicitud de desistimiento presentada.

Luego de varias incidencias procesales, el 15 de marzo de 2023, Auto Gallery presentó su *Contestación a Segunda Demanda Enmendada.* En dicho escrito, negó sustancialmente las alegaciones formuladas en su contra y sostuvo que no era responsable por los actos u omisiones de terceros sobre los cuales no ejercía control ni autoridad. Además, planteó que, conforme a la Ley 22-2000, *supra*, AutoCentro era la entidad llamada a responder por los daños y perjuicios ocasionados mediante la operación autorizada del vehículo, por ser quien figuraba como dueño registral de este ante el Departamento de Transportación y Obras Públicas.

Más adelante, el 12 de junio de 2023, la parte recurrida presentó una *Tercera Demanda Enmendada* con el propósito de incluir nuevamente a Universal, en su carácter de aseguradora de Auto Gallery, como parte codemandada.

Ante ello, el 20 de julio de 2023, Universal y Auto Gallery presentaron conjuntamente una *Contestación a Tercera Demanda Enmendada y Adoptando Demanda Contra Coparte,* mediante la

cual negaron ser responsables de los hechos relacionados con el accidente vehicular objeto de la demanda. Alegaron que el señor Santiago Estrada no era empleado de Auto Gallery y que, además, dicha entidad no autorizó, ni expresa ni tácitamente, en momento alguno, al señor Santiago Estrada a conducir el vehículo involucrado en el accidente. Asimismo, adujeron que, si bien Auto Gallery adquirió el vehículo objeto del accidente el 24 de julio y lo mantuvo hasta el 30 de agosto de 2021, este permaneció inscrito a nombre de AutoCentro ante los registros del DTOP hasta el 7 de septiembre de 2021.

El 6 de febrero de 2024, Auto Gallery presentó una *Moción en Solicitud de Orden*, para que el tribunal le ordenara al DTOP emitir una certificación donde se estableciera la titularidad del vehículo de motor involucrado en el accidente para la fecha de los hechos de la demanda.

En atención a ello, el TPI emitió una *Orden* dirigida al DTOP requiriéndole que produjera copia del expediente del vehículo involucrado en el accidente, un automóvil Jeep Patriot Sport Blanco, del año 2009, con número de tablilla HSD-219, así como una certificación con el nombre del titular del vehículo para la fecha del 24 de agosto de 2021.

Superadas diversas incidencias procesales irrelevantes a la controversia de autos, el 18 de agosto de 2025, Auto Gallery instó una *Moción Solicitando Desestimación de la Demanda* al amparo de la Regla 10.2 de Procedimiento Civil, *infra*, por entender que la demanda dejaba de exponer una reclamación que justificara la concesión de un remedio. En su escrito, argumentó que, conforme a la Ley 22-2020, *supra*, y a la jurisprudencia interpretativa, la responsabilidad vicaria recaía únicamente sobre el dueño registral del vehículo. En ese contexto, sostuvo que, para la fecha del accidente, el vehículo involucrado no figuraba inscrito a su nombre,

sino al de la señora Isamar Morales Castro. Además, reiteró que nunca otorgó autorización, ni expresa ni tácita, para que el señor Santiago Estrada ni terceros operaran o condujeran el vehículo. Por ello, adujo que carecía de vínculo jurídico alguno con el accidente y que no existía base para conceder un remedio en su contra.

Por su parte, el 11 de septiembre de 2025, la señora Sánchez Mata radicó su *Oposición a Moción de Desestimación*. En esta, arguyó que la prueba documental demostraba de forma clara y fehaciente que, a la fecha del accidente, la Sra. Isamar Morales Castro no era la dueña del vehículo de motor involucrado en la colisión. Ello, aun cuando figuraba como titular registral del mismo en los registros del DTOP. Destacó que la titularidad real correspondía a Auto Gallery. A su vez, sostuvo que la responsabilidad de Auto Gallery por los daños causados por el conductor de su automóvil tenía como condición esencial la posesión autorizada y el permiso para conducirlo. Así, reiteró que el señor Santiago Estrada tenía la posesión expresa o implícita del vehículo que la impactó al momento del accidente y que, en consecuencia, Auto Gallery debía responderle en daños y perjuicios.

Evaluadas las posturas de las partes, el 15 de septiembre de 2025, el TPI notificó una *Orden* declarando *No Ha Lugar* la solicitud de desestimación indicando lo siguiente:

> Evaluados los escritos de ambas partes, se declara no ha lugar a la solicitud de desestimación, a base de los fundamentos esbozados por la parte demandante.

En desacuerdo, el 13 de octubre de 2025, la parte peticionaria compareció ante *nos* mediante *Petición de Certiorari* alegando la comisión del siguiente error:

> Erró el Tribunal de Primera Instancia al haber declarado No Ha Lugar la moción solicitando desestimación de la Demanda, aunque no existe controversia sobre el hecho incontrovertido de que, para la fecha del accidente vehicular alegado en la demanda, el vehículo involucrado no estaba inscrito a nombre de 167 Auto Gallery, LLC.

Examinado el recurso de *certiorari* de epígrafe, el 24 de octubre de 2025, emitimos una *Resolución* mediante la cual le concedimos un término de diez (10) días a la parte recurrida para mostrar causa por la cual no debíamos expedir el auto de *certiorari* y revocar el dictamen impugnado. Transcurrido el término sin la comparecencia de la parte recurrida, procedemos a resolver.

**II.**

**A. *Certiorari***

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Pueblo v. Díaz de León*, 176 DPR 913 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León v. AIG, supra.* Es decir, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023). No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

A esos efectos, la Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V) limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari.* Véase, *Scotiabank v. ZAF Corp.,* 202 DPR 478 (2019). En

lo pertinente, la precitada disposición reglamentaria, *supra*, dispone que:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación*, 165 DPR 311 (2005); *Meléndez Vega v. Caribbean Intl. News*, 151 DPR 649 (2000); *Lluch v. España Service Sta.*, 117 DPR 729 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari. Torres González v. Zaragoza Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra.*

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559 (2009); *García v. Padró*, 165 DPR 324 (2005).  El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago*, 125 DPR 203 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra.* Véase, además, *Pueblo v. Rivera Santiago, supra*; *SLG Flores, Jiménez v. Colberg*, 173 DPR 843 (2008).

## B. *Desestimación*

La Regla 10.2 de Procedimiento Civil (32 LPRA Ap. V) le permite al demandado solicitar que se desestime la demanda en su contra antes de contestarla. R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, 5ta ed., San Juan, LexisNexis

de Puerto Rico, Inc., 2010, pág. 266. La referida regla dispone lo siguiente:

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; (6) dejar de acumular una parte indispensable.
>
> Regla 10.2 de Procedimiento Civil, *supra.*

Así pues, entre las defensas mediante las cuales una parte puede solicitar la desestimación de la causa instada en su contra se encuentra el "dejar de exponer una reclamación que justifique la concesión de un remedio". Regla 10.2 (5) de Procedimiento Civil, *supra.* Véase, además, *Costas Elena y otros v. Magic Sport y otros*, 213 DPR 523 (2024); *Bonnelly Sagrado v. United Surety*, 207 DPR 715 (2021).

Ante una moción de desestimación fundamentada en la referida regla, "el tribunal tomará como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas". *Cobra Acquisitions, LLC v. Municipio de Yabucoa*, 210 DPR 384 (2022). Véase, además, *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409 (2008); *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497 (1994). Luego, debe determinar si, a base de esos hechos que aceptó como ciertos, la demanda establece una reclamación plausible que justifique la concesión de un remedio. *Costas Elena y otros v. Magic Sport y otros*, *supra.*

Asimismo, deberá interpretar las alegaciones de forma conjunta, liberal y de la manera más favorable posible en favor del demandante. *Bonnelly Sagrado v. United Surety, supra; Torres v. Torres et al.*, 179 DPR 481 (2010). De hecho, tampoco procede la

desestimación de la demanda si esta es susceptible de ser enmendada. *Clemente v. Dept. de la Vivienda*, 114 DPR 763 (1983).

Al atender este tipo de moción, el tribunal deberá tener en cuenta que, conforme lo dispone la Regla 6.1 de Procedimiento Civil (32 LPRA Ap. V), la demanda sólo tiene que contener "una relación sucinta y sencilla de la reclamación demostrativas de que el peticionario tiene derecho a un remedio", por lo que la norma procesal que rige establece que las alegaciones solo buscan "notificarle a la parte demandada a grandes rasgos, cuáles son las reclamaciones en su contra." *Torres v. Torres et al.*, *supra*, pág. 501. Es por esto que una demanda no será desestimada, salvo que se demuestre "que el demandante no tiene derecho a remedio alguno, bajo cualesquiera hechos que pueda probar". *Consejo de Titulares v. Gómez Estremera et al.,* 184 DPR 407 (2012); *Aut. Tierras v. Moreno & Ruiz Dev. Corp, supra*, pág. 428. Por consiguiente, el asunto a considerar es, "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida". *Pressure Vessels P.R. v. Empire Gas P.R.*, *supra*, pág. 505. Finalmente, este mecanismo procesal no debe ser utilizado en aquellos casos que envuelven un alto interés público, excepto que no haya duda de que, de los hechos alegados en la demanda, no es posible conceder un remedio adecuado al demandante. *Aut. Tierras v. Moreno & Ruiz Dev. Corp, supra*, pág. 429.

### C. *Ley de Vehículos y Tránsito, Ley Núm. 22-2000*

La Ley Núm. 22-2000 o *Ley de Vehículos y Tránsito de Puerto Rico*, según enmendada, fue aprobada con el propósito de establecer una reglamentación ordenada y eficiente en materia de vehículos y tránsito, respondiendo así a las necesidades del pueblo y fortaleciendo la seguridad pública. *Véase*, Exposición de Motivos de la Ley Núm. 22-2000.

Esta ley, en su Artículo 1.39, define al "dueño de un vehículo" como cualquier persona natural o jurídica que tenga inscrito a su nombre un vehículo de motor en el Departamento de Transportación y Obras Públicas. 9 LPRA sec. 5001 Inciso (37).

En cuanto a la responsabilidad civil, el Artículo 21.01 de la ley en cuestión delimita la responsabilidad de los dueños de vehículos de motor por los daños ocasionados con este, cuando medie culpa o negligencia, mientras es operado por el dueño o una tercera persona. A esos efectos, el referido artículo dispone que:

> El dueño de cualquier vehículo de motor será responsable de los daños y perjuicios que se causen mediante la operación de dicho vehículo, interviniendo culpa o negligencia, cuando el referido vehículo sea operado o esté bajo el control físico y real de cualquier persona que, con el fin principal de operarlo, o de hacer o permitir que el mismo sea operado por una tercera persona, obtenga su posesión mediante la autorización expresa o tácita del dueño. En todo caso se presumirá, salvo prueba en contrario, que la persona que opera o tiene bajo su control un vehículo de motor ha obtenido su posesión con la autorización de su dueño, con el fin principal de operarlo, o de hacer o permitir que sea operado por una tercera persona.
>
> La persona por cuya negligencia haya de responder el dueño de un vehículo, de acuerdo con las disposiciones de esta sección, vendrá obligada a indemnizar a éste.
>
> [...]
>
> 9 LPRA sec. 5621.

Lo anterior, en esencia, establece que el dueño de cualquier vehículo de motor será responsable de los daños y perjuicios ocasionados por la operación del vehículo de motor cuando medie culpa o negligencia. Esta responsabilidad incluye los daños causados por una tercera persona que obtenga la posesión mediante la autorización *expresa o tácita del dueño. Natal Cruz v. Santiago Negrón*, 188 DPR 564, 572 (2013).

Ahora bien, la presunción de titularidad contenida en el Artículo 21.01 de la Ley 22-2000, *supra,* constituye una de las principales excepciones al principio general que rige la

responsabilidad extracontractual en Puerto Rico. Como sabemos, la obligación de reparar daños en nuestro ordenamiento jurídico generalmente se origina a partir de la acción u omisión del propio responsable, según lo establecido en el Art. 1536 del Código Civil, 31 LPRA sec. 10801. No obstante, de manera excepcional y por mandato expreso de la ley, puede atribuírsele responsabilidad a una persona por actos cometidos por terceros, siempre que exista un nexo jurídico previo entre el causante del daño y quien está obligado a repararlo. Tal es el caso del Art. 1540 del Código Civil, 31 LPRA sec. 10805 y el Art. 21.01, de Ley de Vehículos y Tránsito, *supra.*

La responsabilidad vicaria prevista en la Ley de Vehículos y Tránsito, *supra,* impone al dueño de un vehículo la obligación de responder por los daños culposos o negligentes causados por un tercero mediante su operación, como si los hubiera ocasionado el propio dueño. Esta obligación se perfecciona una vez se prueban los siguientes elementos esenciales: (1) quién es el dueño del vehículo y (2) si la persona bajo cuyo control estaba el vehículo obtuvo la posesión mediante la autorización expresa o tácita del dueño. Una vez queda demostrado que el tercero obtuvo la posesión mediante la autorización expresa o tácita del dueño, este último no puede eludir su responsabilidad civil mediante prueba sobre limitaciones en el uso u operación del automóvil. En otras palabras, lo determinante es la posesión autorizada, no el uso autorizado del vehículo. *Rodríguez v. Ubarri, Miranda,* 142 DPR 168, 172-173 (1996), *Nieves Vélez v. Bansander Leasing Corp.,* 136 DPR 827, 834-836, 841-842 (1994), *Mc Gee Quiñones v. Palmer,* 91 DPR 464 (1964).

Para que opere la presunción de titularidad establecida en la Ley de Vehículos y Tránsito, *supra,* es necesario presentar una certificación del DTOP con la información registral del vehículo o una copia certificada de la licencia expedida. La inscripción del vehículo en el registro del DTOP crea una presunción de titularidad

que es rebatible, siempre que se aporte prueba suficiente, que convenza plenamente a la conciencia judicial. *Rodríguez v. Ubarri, Miranda,* supra, págs. 172-173.

En ese contexto, es oportuno señalar que la doctrina ha establecido de manera reiterada que los registros oficiales del DTOP, en los que una persona aparece como propietaria de un vehículo de motor en una fecha determinada, constituyen evidencia prima facie de propiedad, susceptible de ser controvertida mediante prueba en contrario. *Muñoz Meléndez v. Farmer,* 104 DPR 297, 301 (1975); *Díaz Cáceres v. Berríos,* 100 DPR 741, 746 (1972).

**III.**

En su recurso, la parte peticionaria argumenta que incidió el Tribunal de Primera Instancia al resolver denegar su solicitud de desestimación en cuanto a la causa de acción en su contra. Ello, aun cuando no existe controversia sobre el hecho de que, para la fecha del accidente objeto de la demanda, el vehículo involucrado no estaba inscrito a su nombre. Añade que lo determinante para efectos de la responsabilidad impuesta por el Artículo 21.01 de la Ley 22-2000, *supra,* es a nombre de quien figuraba inscrito el vehículo en el DTOP a la fecha en que ocurrió el accidente de tránsito. Por consiguiente, reafirma que, en estricto derecho, la Regla 10.2 de Procedimiento Civil, *supra,* obliga al tribunal a desestimar la reclamación en su contra, toda vez que no existe base jurídica alguna para conceder un remedio en su contra.

Habida cuenta de que el recurso ante nuestra consideración se trata de un *certiorari,* este tribunal intermedio debe determinar, como cuestión de umbral, si procede su expedición. En el caso ante *nos,* es la contención de la parte peticionaria que, erró el TPI al denegar la solicitud de desestimación de la causa de acción en su contra en las circunstancias fácticas de este caso.

Como es sabido, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra.* No debemos obviar que, el adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago, supra.*

Así, puntualizamos, que el *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al., supra.* A esos efectos, la naturaleza discrecional del recurso de *certiorari* queda enmarcada dentro de la normativa que le concede deferencia de las actuaciones del foro primario, de cuyas determinaciones se presume su corrección.

Tras evaluar detenidamente el recurso presentado por la parte peticionaria, y luego de una revisión de la totalidad del expediente ante *nos*, es nuestra apreciación que no se configuran ninguna de las excepciones que justificaría la expedición del auto de *certiorari* al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.* Así, los fundamentos aducidos en el recurso presentado, no nos mueven a activar nuestra función discrecional en el caso de epígrafe. Esto, pues no nos encontramos ante una determinación que configure abuso de discreción, prejuicio, parcialidad o error craso y manifiesto que amerite nuestra intervención revisora. *Pueblo v. Rivera Santiago, supra; SLG Flores, Jiménez v. Colberg, supra.* Véase, además, *Trans-Oceanic Life Ins. v. Oracle Corp*, 184 DPR 689, 709 (2012). Tampoco la parte peticionaria nos ha persuadido de que, al aplicar la norma de abstención apelativa en este momento, conforme al asunto planteado, constituirá un fracaso de la justicia.

En conclusión, conforme a la Regla 52.1 de Procedimiento Civil, *supra*, y evaluados los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos denegar el *certiorari* solicitado, pues no identificamos fundamentos jurídicos que nos motiven a expedir el mismo.

**IV.**

Por los fundamentos antes expuestos, *se* deniega la expedición del auto de *certiorari.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones